KNAUS SYSTEMS, INC., Plaintiff-Appellee, v. GENERAL CASUALTY RELIANCE INSURANCE COMPANY, Defendant-Appellant.

First District (1st Division)   No. 1—90—0921

Opinion filed September 30, 1991.

` Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, Robert J. Franco, Michael A. Clarke, and Donald J. Kindwald, of counsel), for appellant.

Thomas H. Sterns & Associates, P.C., of Chicago, for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Plaintiff, Knaus Systems, Incorporated, entered into a contract with Fogarty Van Lines to transport computer equipment from plaintiff's Tampa, Florida, facility to its Schiller Park, Illinois, facility. While en route, plaintiff's computer fell from Fogarty's truck and was damaged. At the time of the incident, Fogarty Van Lines was insured through General Casualty Reliance Insurance Company. Plaintiff filed a claim against General Casualty to recover for the damage to its

computer. General Casualty denied that claim on the basis that the insurance policy excluded "breakage."

On April 15, 1986, plaintiff filed a complaint for declaratory judgment. Defendant filed its answer generally denying that plaintiff was entitled to any recovery under the policy. Defendant raised an affirmative defense pursuant to section 7(b) of the policy that the claim was excluded from coverage. On September 11, 1986, defendant filed its motion for summary judgment.

In its initial motion for summary judgment defendant asserted that the damage to the computer was not caused by a collision. However, the discovery answers that plaintiff received from defendant revealed that while in transit the computer equipment struck both the truck doors and the pavement. Plaintiff's reply to the summary judgment motion asserted that the policy language was vague as to what constituted a collision, and that a collision included the property colliding with the doors and pavement. Plaintiff also maintained that the damage to its computer was not "breakage." Plaintiff filed an amended response to defendant's motion for summary judgment which stated that defendant had previously paid two similar claims to that of plaintiff's under a similar insurance provision.

On September 29, 1987, the trial court granted summary judgment for defendant on the collision issue only. The court found that the damage to plaintiff's computer was not due to a "collision" as defined by the insurance policy. Plaintiff then brought to the court's attention its argument that there was no "breakage" under the policy and that the exclusion did not apply. The court ordered the parties to supply additional authority on the issue of whether breakage had occurred.

The parties did not find case law interpreting the term "breakage" as expressed in the insurance contract. After a hearing on the issue, the court denied defendant's motion for summary judgment. Plaintiff then brought its summary judgment motion as to liability, which motion was granted. An evidentiary hearing was held and the court entered judgment for plaintiff in the amount of $37,500.

Defendant argues on appeal that the trial court's interpretation of the term "breakage" as not including the damage to plaintiff's computer was unreasonable.

■ Generally, the purpose of an insurance contract is indemnity, and, therefore, the policy should be liberally construed with uncertainty resolved in favor of the insured. (*Travelers Insurance Cos. v. P.C. Quote, Inc.* (1991), 211 Ill. App. 3d 719, 570 N.E.2d 614.) Where a policy provision is clear and unambiguous, its language must be

taken in its plain, ordinary and popular sense. (*Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 294 N.E.2d 7.) A provision is ambiguous if it is subject to more than one reasonable interpretation. (*Marathon Plastics, Inc. v. International Insurance Co.* (1987), 161 Ill. App. 3d 452, 514 N.E.2d 479.) All doubts and ambiguities must be resolved in favor of the insured. *Northbrook Property & Casualty Insurance Co. v. United States Fidelity & Guaranty Co.* (1986), 150 Ill. App. 3d 479, 501 N.E.2d 817.

Defendant argues that the exclusion applies in this case, pointing to the fact that the underlying complaint seeks recovery for the costs of the computer which was damaged by "breakage." Plaintiff counters that the parties intended that the "All Risks" policy would cover the type of damage to the computer that occurred. Alternatively, plaintiff maintains that the term "breakage" as construed in the policy is ambiguous.

Section 6 of the policy provides:

"Perils Insured

This policy insures against all risks of direct physical loss of or damage to the property covered (including general average and salvage charges on shipments covered while waterborne) except as provided in this Policy."

Section 7(b) provides that this policy does not insure:

"Loss by leakage, breakage, marring, scratching, chafing, or rubbing unless caused by fire, lightning, cyclone, tornado, flood, collision, derailment or overturning of vehicle, or unless caused by the vessel being on fire, stranded, sunk or in collision."

Here, the insuring provision of the policy initially provides coverage for all risks of direct physical loss of or damage to the property covered, except that which is specifically excluded elsewhere in the policy. Section 7(b) excludes specific claims and includes "breakage." Defendant maintains that the exclusion of "breakage" in the above provision prevents plaintiff from recovering in this case.

There is no dispute in the record that plaintiff's computer was damaged while in the possession of the vehicle controlled by defendant's insured. In fact, defendant conceded that plaintiff's computer was damaged. However, defendant contends that the "damage" caused to the computer was "breakage," and, therefore, excluded. Thus, we must determine whether the trial court properly interpreted the term "breakage."

■ There is no definition in the policy that defines "breakage," nor has this court had occasion to interpret the term "breakage" as it refers to an exclusion from coverage. However, the policy which plain-

tiff purchased was an "All Risk" policy. It was purchased to insure against risk of loss to plaintiff's personal property while the property was transferred from Florida to Illinois. Section 6 of the policy clearly stated that the policy insured against risk of loss due to physical damage to the property. To adopt the position asserted by defendant would be to render the "All Risk" policy which plaintiff purchased meaningless.

In liberally construing the insurance contract in favor of the insured, as the trial court was required to do, we cannot say that the trial court erred in granting plaintiff's motion for summary judgment.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.